IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:09CV49-1-MU

| | |
|---|---|
| CLAUDE VANCE COOLEY,        )<br>                                                            )<br>        Petitioner,                            )<br>                                                            )<br>        v.                                              )<br>                                                            )<br>UNITED STATES OF AMERICA,    )<br>                                                            )<br>        Respondent.                         )<br>_____)   | O R D E R |

**THIS MATTER** is before the Court upon Petitioner's "Independent Equitable Action," (Doc. No. 1), filed May 5, 2009.

On November 5, 1991, Petitioner was indicted along with three co-defendants in a four count Bill of Indictment. Count One of the indictment alleged conspiracy to possess with intent to distribute and to distribute in excess of five kilograms of cocaine. Count Four of the indictment alleged possession with intent to distribute more than five kilograms of cocaine and aiding and abetting the same. After trial by jury on April 28, 1992, Petitioner was convicted on Counts One and Four. Petitioner directly appealed his sentence and conviction; both were affirmed by the Fourth Circuit Court of Appeals on October 18, 1993.

Petitioner filed a Motion to Vacate pursuant to 28 U.S.C. § 2255 (5:97CV71-4-MU) on April 28, 1997. The same was dismissed by Order of this Court on May 24, 2001. Petitioner next filed a Motion to Expurgate pursuant to 28 U.S.C. § 2241, arguing that his sentence and conviction must be overturned since this Court lacked jurisdiction to indict, convict, and sentence

him under 21 U.S.C. §§ 841 and 846. On May 25, 2004, this Court construed Petitioner's filing as a Motion to Vacate and dismissed it as successive. (5:04CV64-1-MU).

Petitioner then filed a motion pursuant to 18 U.S.C. § 3661, arguing that this Court should reduce his sentence because this Court erroneously enhanced his sentence using predicate state offenses and because he received ineffective assistance of counsel. Noting that § 3661 does not provide an independent basis for a motion and that claims directly attacking a conviction or sentence were most properly construed as a § 2255 Motion, this Court construed Petitioner's Motion as a Motion to Vacate and dismissed it as successive.

Petitioner filed a Motion to Reconsider on January 19, 2007. In his Motion to Reconsider, Petitioner argued that this Court improperly characterized his § 3661 Motion as a § 2255 Motion to Vacate. The Court determined that Petitioner had raised a claim alleging a defect in the collateral review process that was properly raised in a Motion to Reconsider. However, Petitioner also raised substantive arguments. Pursuant to United States v. Winestock, 340 F. 3d 200, 207 (4th Cir. 2003), this Court directed Petitioner to remove all substantive arguments from his Motion to Reconsider or have his Motion treated as a successive § 2255 application subject to summary dismissal. Petitioner then filed the instant Amended Motion to Reconsider in which he continued to argue substantive issues. Consequently, this Court, as it had warned Petitioner it would, construed Petitioner's Amended Motion to Reconsider as a § 2255 application and dismissed it as successive.

Undeterred, Petitioner has now filed a document entitled "Independent Equitable Action" in which he argues that the Court lacked proper jurisdiction to sentence him to life imprisonment because, in violation of 18 U.S.C. § 851, he did not receive notice of the possibility of an enhanced sentence. Petitioner also alleges that he received ineffective assistance of counsel.

Petitioner asks this Court to vacate his sentence and resentence him without the use of the prior that was used to sentence him pursuant to 21 U.S.C. § 841(b)(1)(A).

An independent equitable action is not the proper vehicle for attacking a federal criminal sentence. Not surprisingly, none of the equity cases cited to by Petitioner involve a prisoner attacking a federal sentence.[1] As indicated by the lengthy procedural history set forth above, Petitioner has tried many avenues for relief and has been unsuccessful at all. Moreover, Petitioner is well aware of the restrictions on successive applications. Petitioner may not circumvent AEDPA's restrictions on successive petitions merely by labeling his most recent attack on his sentence an independent equitable action.

**IT IS HEREBY ORDERED** that Petitioner's "Independent Equitable Action," (Doc. No. 1) is **DISMISSED**.

Signed: May 12, 2009

Graham C. Mullen
United States District Judge

---

[1] Petitioner also cites to a 2007 Fourth Circuit opinion in support of his argument. United States v. Beasley, 495 F.3d 142 (4th Cir. 2007)(holding that § 851 is not jurisdictional). The Beasley case, a direct appeal case, has no impact on the instant case.